IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER FOWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-856-DWD |
| ) | |
| LUCAS BOHNERT, ) | |
| JOSEPH CHILDERS, ) | |
| DANIEL DEWESSE, ) | |
| NICK PUCKETT, and ) | |
| ANTHONY WILLS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On August 31, 2020, Plaintiff Peter Fowler, an inmate in the custody of the Illinois Department of Corrections, filed a motion for preliminary injunction (Doc. 1), which the Court construed both as a request for injunctive relief and as a complaint. The Court screened the motion pursuant to 28 U.S.C. § 1915A and allowed a single claim to proceed:

> **Count 1: Eighth Amendment conditions of confinement claim against Defendants Borwin and Childrens for refusing [Plaintiff] protective custody and keeping him in a dangerous situation.**

(Doc. 10, p. 2, 7). Borwin and Childrens were identified as internal affairs officers, and the Court added Anthony Wills, Warden of Menard Correctional Center, in his official capacity for purposes of carrying out any injunctive relief that may be ordered. Defendants answered the complaint on November 9, 2020, and Defendants were identified further as Joseph Childers and Lucas Bohnert in the answer. (Doc. 27).

By motion dated November 16, 2020, Fowler seeks leave to file an amended

complaint. (Doc. 28). Defendants did not respond to his motion, but the proposed amended complaint is subject to the restrictions of the Prison Litigation Reform Act (PLRA), which requires that district courts perform a screening function and dismiss any non-meritorious claims. *See* 28 U.S.C. § 1915A. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune by law from such relief must be dismissed. 28 U.S.C. § 1915A(b). Accordingly, the Court will review the proposed amended complaint and will dismiss any improper claims.

### ALLEGATIONS IN THE AMENDED COMPLAINT

At this stage, Fowler's *pro se* allegations are to be liberally construed. *See Rodriguez c. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). In his proposed amended complaint, Fowler alleges that he shared a cell with a cellmate who was a leader of a gang while he was incarcerated at Lawrence Correctional Center ("Lawrence"). He claims that he was assigned to a cell with this dangerous individual, who bullied and assaulted him, in retaliation for lawsuits he filed against staff and correctional officers. Fowler also alleges that his former cellmate has put a "hit" out to have Fowler killed and that Fowler is at risk of being killed as long as he remains in general population at any IDOC facility.

Fowler alleges that Brandon Dewesse, a lieutenant supervisor in internal affairs at Lawrence, conspired with Nick Puckett, an internal affairs investigator at Lawrence, to ensure that the placement office denied Fowler's requests for a new cell assignment or institutional transfer. He alleges that Puckett and Dewesse were involved in ensuring that

he remained housed with his dangerous cellmate. He maintains that he was warned by Dewesse and Puckett that he would be sent to maximum security if he secured a transfer.

On February 11, 2020, Fowler was transferred from segregation at Lawrence Correctional Center ("Lawrence") to segregation at Menard Correctional Center ("Menard") due to the life-threatening situation at Lawrence. Fowler explains that he got into a fight with his cellmate before the transfer. Defendant Lucas Bohnert, an internal affairs officer at Menard, interviewed Fowler on February 11, 2020, and Fowler requested protective custody during the interview. The request was denied. On March 4, 2020, Defendant Joseph Childers, also an internal affairs officer at Menard, spoke with Fowler, and Fowler again requested protective custody but was denied. He also requested medical treatment while at Lawrence because his shoulder aches when he sleeps on his left side from being body slammed by his cellmate. He seeks money damages and injunctive relief.

Based on the allegations in the proposed amended complaint, the Court designates the following counts:

> **Count 1:** **First Amendment retaliation claim against Defendants Dewesse and Puckett for subjecting Plaintiff to a dangerous cellmate in retaliation for Plaintiff filing lawsuits against staff and officers at Lawrence Correctional Center; and**
>
> **Count 2:** **Eighth Amendment claim against Defendants Bohnert and Childers for failing to protect Plaintiff from danger by refusing him protective custody despite the risk he faces by remaining in general population housing.**

Any other claim mentioned in the proposed amended complaint but not addressed herein is dismissed without prejudice as inadequately pleaded under *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). Defendant Anthony Wills remains a party to this action solely in his official capacity for purposes of implementing any injunctive relief that is ordered in the future. The proposed amended complaint does not allege that Wills engaged in the above-described conduct.

## COUNT 1

To succeed on a claim of First Amendment retaliation, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). An inmate has a constitutional right to file lawsuits as part of his right of access to the courts under the First Amendment. Here, Fowler adequately pleads that Defendants Dewesse and Puckett ignored the danger presented by his cellmate, or intentionally subjected him to the dangerous cellmate, in retaliation for lawsuits Fowler filed while at Lawrence. As such, Count 1 will proceed against both Dewesse and Puckett.

## COUNT 2

The Eighth Amendment prohibition on cruel and unusual punishment places a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this right, a prisoner must demonstrate that a prison official was deliberately indifferent to an excessive risk to the prisoner's health or safety, which includes an objective and a subjective component. *Id.* First, the harm to which the prisoner was exposed must be one

that is objectively serious. *See Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). Second, the prison official must have actual knowledge of the risk to the inmate. *Id.* "[A] generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, No. 11-2086, 451 Fed. Appx. 588, 589 (7th Cir. Dec. 12, 2011)(internal citations and quotations omitted). Instead, a plaintiff must allege "a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id*.

While it presents a close call, the Court finds that Fowler adequately pleads his Eighth Amendment claim. He alleges that he told both Defendant Bohnert and Defendant Childers that he was in danger in general population and that he asked for protective custody. His requests were based on a belief that there was a "hit" on him, which could rise to the level of being a tangible threat to his safety. As such, Count 2 will proceed against both Defendants.

## Conclusion

For the above-stated reasons, Plaintiff Peter Fowler's motion for leave to file an amended complaint (Doc. 28) is **GRANTED**. The Clerk of Court shall docket Plaintiff's proposed amended complaint. Plaintiff's claims against Defendants Brandon Dewesse and Nick Puckett in Count 1 and against Defendants Lucas Bohnert and Joseph Childers in Count 2 will proceed. Defendant Anthony Wills, Warden of Menard Correctional Center, remains a party to this capacity in his official capacity only for purposes of implementing any injunctive relief that is ordered.

The Clerk of Court is **DIRECTED** to **CORRECT** the docket sheet to reflect that Internal Affairs Childrens is Joseph Childers and that Internal Affairs Borwin is Lucas

Bohnert. The Clerk is further **DIRECTED** to add Brandon Dewesse and Nick Puckett to the docket sheet and to prepare for them: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms and a copy of the amended complaint to Defendants' place of employment. If a defendant fails to sign and return the waiver of service of summons (Form 6) to the Clerk within 30 days from the date the forms were sent, then the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated: January 25, 2021

_____
DAVID W. DUGAN
United States District Judge