IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-856-DWD |
| | ) |
| LUCAS BOHNERT, | ) |
| JOSEPH CHILDERS, | ) |
| BRANDON DEWESSE, | ) |
| NICK PUCKETT, and | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On August 31, 2020, Plaintiff Peter Fowler, an inmate in the custody of the Illinois Department of Corrections who is incarcerated at Menard Correctional Center ("Menard"), filed a motion for preliminary injunction (Doc. 1), which the Court interpreted both as a motion and as a complaint subject to the screening requirements of 28 U.S.C. § 1915A. A single Eighth Amendment claim against Defendants Bohnert and Childers, Internal Affairs officers, for refusing Fowler protective custody at Menard survived preliminary review. (Doc. 10). The Court took Fowler's motion under advisement and directed Defendants to respond. Fowler has since amended his complaint to add a First Amendment retaliation claim against Defendants Puckett and Dewesse, correctional officers at Lawrence Correctional Center. The amended complaint briefly requests injunctive relief.

In his motion (Doc. 1), Fowler seeks a preliminary injunction that recognizes that he faces a life-threatening situation because his prior cellmate was a Latin King gang leader who threatened a "hit" should Fowler be assigned to general population at any IDOC facility. He asks the Court to order that he be held in protective custody, which he was not at the time he filed his motion.[1] Defendants responded in opposition to Fowler's motion. They argue that his motion should be denied as moot because Fowler was moved to protective custody on September 16, 2020, following Fowler's September 4, 2020 request to Menard officials for protective custody. (Doc. 16-1). On January 25, 2021, the Court granted Fowler leave to file an amended complaint. The amended complaint, sent to the Court in November 2020, acknowledges that Fowler is in protective custody now, though he suggests that he is only there temporarily. (Doc. 35, p. 12).

Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The plaintiff must show four elements for an injunction: (1) plaintiff is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on defendants; and (4) the injunction is in the public interest. *Id.* The greater the likelihood that the plaintiff will succeed on the

---

[1] Plaintiff also seeks a written finding about discriminatory practices and requests an investigator assigned to report on bias he faced. Plaintiff's discrimination-based claim was dismissed as inadequately pleaded from his initial complaint and was not included the operative amended complaint, so this request does not provide a sufficient basis for injunctive relief at this time.

merits of the case, the less significant the likely harm against the plaintiff must be in relation to the harm the defendant will likely suffer due to an injunction. *Id*.

In the context of prisoner litigation, there are further restrictions on the Court's remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act ("PLRA"). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 (noting that the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Based upon the record before the Court, Plaintiff's motion for preliminary injunction (Doc. 1) is moot. He is held in protective custody, so a Court order directing that he be sent to protective custody offers him no relief. To the extent that the amended complaint requests preliminary relief, it does so only briefly and without sufficient specification. At the time he drafted his complaint, Fowler indicated that he had an intake sign over his cell in protective custody and that the sign meant he would only be held in protective custody for two to three weeks. This brief statement is too vague to support a request for a preliminary injunction in the amended complaint, particularly when Fowler had already been in protective custody for approximately eight weeks when he wrote the statement, undercutting his own allegation. Any request for a preliminary injunction in

the amended complaint is too undeveloped on its own to warrant further briefing. For all these reasons, a preliminary will not issue at this time.

## CONCLUSION

For the above-stated reasons, Plaintiff Peter Fowler's motion for preliminary injunction (Doc. 1) is **MOOT**. To the extent that a preliminary injunction is requested in the amended complaint (Doc. 35), the Court finds the request undeveloped and will not order further briefing at this time.

**SO ORDERED.**

Dated: February 2, 2021

DAVID W. DUGAN
United States District Judge