**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PETER FOWLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-856-DWD** |
| | ) | |
| **LUCAS BOHNERT, JOSEPH CHILDERS, DANIEL DEWEESE, NICK PUCKETT, and ANTHONY WILLS,** | ) | |
| | ) | |
| **Defendants.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On August 18, 2023, the Court granted Defendants' Motion for Summary Judgment and denied Plaintiff's Cross-Motion for Summary Judgment. (Doc. 118). Judgment was entered on August 22, 2023. (Doc. 121). Plaintiff has now moved for reconsideration of that Order, citing to Federal Rule of Civil Procedure 59(e). (Doc. 122). Defendants have responded (Doc. 123), and Plaintiff has replied (Doc. 126). For reasons explained herein, the Court will deny Plaintiff's Motion.

Plaintiff's Motion was filed within 28 days of the entry of judgment and is labeled as being filed pursuant to Rule 59(e). But "whether a motion filed within 28 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within 28 days of judgment would be

considered as Rule 59(e) motions – no longer applies")). As petitioner purportedly challenges the Court's substantive application of law, the Court treats his motion as one under Rule 59(e). *See Obriecht,* 517 F.3d at 493–94.

A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996); *see also Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). Thus, Rule 59(e) allows a court to alter or amend a previous order only if the movant demonstrates a manifest error of law or presents newly discovered evidence. *Sigsworth v. City of Aurora,* 487 F.3d 506, 511–12 (7th Cir.2007). However, it is well-settled that it is improper "to advance argument or theories that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse,* 90 F.3d at 1270.

In granting summary judgment, the Court found that there was no evidence that Defendants Deweese and Pucket were personally involved in assigning Plaintiff a cellmate. (doc. 118, p. 8). Then, as to Defendants Bohnert and Childers, the Court found that there was no evidence that they were "deliberately indifferent to a specific, impending, and substantial threat to [Plaintiff's] safety." (Doc. 118, p. 12).

Plaintiff's Motion does not present any new evidence as to either conclusion, and it does not point to a legal or factual error sufficient to warrant relief. Instead, Plaintiff presents various conclusory statements in support of his claim that the Court's decision should be reversed. For instance, Plaintiff contends that Deweese and Pucket "don't have a leg to stand on" and criticizes their use of affidavits to establish that they were not involved in cell assignments. According to Plaintiff, "any layperson" knows that Defendants' Deweese and Pucket were "responsible for other inmates being placed in a particular cell." But Plaintiff's insistence that something is true, without more, does not establish a manifest error of fact or law.[1] Plaintiff also fails to point to *any* factual or legal error warranting reconsideration as to the claims against Defendants Bohnert or Childers.

In summary, Plaintiff does not identify any new evidence, nor does he identify a legal or factual error warranting reversal. Instead, Plaintiff's pleadings merely rehash old arguments and take umbrage with the Court's decision. This is insufficient. *See e.g.*, *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase). Because the Court finds no

[1] Plaintiff's Motion and Reply accurately cite to various authorities establishing legal standards in summary judgment proceedings and in prisoner civil rights litigation. Plaintiff, however, fails to identify how the Court misapplied those standards. For instance, Plaintiff notes that, as the non-movant, he was entitled to the "benefit of the doubt" as to disputed facts. While this is true, Plaintiff fails to identify how the Court misapplied this principle.

factual or legal error in the challenged Order, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Dated: April 18, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge